IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENNETH DEWAYNE TANNIEHILL**                                                              **PETITIONER**

**V.**                                                              **CIVIL ACTION NO. 3:24CV51 HTW-LGI**

**WARDEN COLBERT**                                                              **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kenneth Tanniehill is a federal prisoner incarcerated in the Federal Correctional Complex Low in Yazoo City, Mississippi. He brings the instant petition pursuant to 28 U.S.C. § 2241 seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be denied.

On March 20, 2017, Tanniehill was arrested by Texas State authorities and charged with the Manufacture/Delivery of a Controlled Substance and Possession of Marijuana. He was also held for violating his parole, which was later revoked on March 18, 2019. On April 24, 2017, Tanniehill was temporarily transferred to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum* on drug possession charges. On August 30, 2018, the United States District Court for the Northern District of Texas sentenced him to a 100-month term of imprisonment pursuant to a guilty plea. The order provided that the federal sentence would run concurrently to any sentence imposed on the pending state charges and consecutively "to any sentence imposed in the pending parole revocation." The state charges were ultimately dismissed, however, leaving only the

parole revocation. On September 26, 2018, Tanniehill was returned to state custody to serve his parole revocation. On April 25, 2019, he was released on mandatory supervision and transferred to federal custody to commence serving his federal sentence.

In his petition, Tanniehill asserts that the BOP has miscalculated his sentence by failing to apply all eligible credit to his federal sentence. He claims that he was never told that he was transferred pursuant to a federal writ of habeas corpus *ad prosequendum,* and requests federal credit for the total time served from the date of his transfer—April 24, 2017.

## Discussion

The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)). The computation is governed by 18 U.S.C. § 3585, and includes a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP determines whether the prisoner is entitled to any credit for time spent in custody before the commencement of the sentence, i.e., prior-custody credit. Section 3585 provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> ***that has not been credited against another sentence.***

18 U.S.C. § 3585 (emphasis added). Based on the plain language of the statute, a defendant commences his federal sentence when he is received in federal custody to begin serving his sentence, and he receives credit for time served *only* if it has not been credited against another sentence, "regardless of whether the sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

As noted, Tanniehill maintains that he should receive prior custody credit for the period that he was on loan to the federal government pursuant to a writ of habeas corpus *ad prosequendum*. But "the writ merely loans the prisoner to federal authorities, and the prisoner technically remains in state custody." *Dominguez v. Williamson*, 251 F.3d 156 (5th Cir. 2001) (internal quotation marks omitted). Thus, although transferred to federal custody pursuant to the writ, the State of Texas retained primary jurisdiction over Tanniehill until he completed his parole revocation sentence. To the extent that he claims that BOP officials failed to comply with the federal sentencing court's order of concurrence, the underlying state charges were dismissed, leaving only the parole revocation. Moreover, Tanniehill was sentenced in August 2018, more than 15 months after he was transferred to federal custody. "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting *United States*

*v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)). In other words, Tanniehill's federal sentence did not commence until he was exclusively in federal custody on April 25, 2019. Any time prior to that date was served and credited toward his state parole violation sentence. *Dominguez*, 251 F.3d 156 ("a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus *ad prosequendum* if the defendant receives credit for that time on his state sentence.").

In sum, Tanniehill is not entitled to have the time spent in custody pursuant to the writ applied toward the satisfaction of his federal sentence under § 3585 (b), nor is he entitled to have the time spent in service of his parole revocation applied toward the satisfaction of his federal sentence. Tanniehill's claim that the BOP has denied him additional credit to which he is entitled fails. For these reasons, the undersigned recommends that the petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and

recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on August 30, 2024.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE